# Exhibit 1

# ANDERSON LAW

**2492 North Landing Road, Suite 104**
**Virginia Beach, Virginia 23456**



Tel. (757) 301-3636
Fax (757) 301-3640

*Additional Office Locations By Appointment:*
*Chesapeake – Hampton - Richmond - Vienna*

December 8, 2020

Richmond Circuit Court
400 North Ninth Street
John Marshall Courts Building
Richmond, Virginia 23219

       Re.   DeSteph v. Locke, et al

Dear Clerk:

Enclosed, please find a Petition for Injunction that I ask you to file in your Court. Service of process will be effectuated on all Defendant's via email to the Office of the Attorney General as indicated on the attached certificate of service.

Please alert the duty judge that my client is requesting a hearing as soon as possible on this matter.

                Sincerely,

                Timothy Anderson

*www.virginialawoffice.com*

# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. ................................................
(CLERK'S OFFICE USE ONLY)

................ Richmond ................................ Circuit Court

Bill DeSteph _____ v./*In re*: _____ Mamie Locke
PLAINTIFF(S)                                    DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL
**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
   [ ] Monetary Damages
   [ ] No Monetary Damages
[ ] Counterclaim
   [ ] Monetary Damages
   [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court
**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
   [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

## ADMINISTRATIVE LAW
[ ] Appeal/Judicial Review of Decision of (select one)
   [ ] ABC Board
   [ ] Board of Zoning
   [ ] Compensation Board
   [ ] DMV License Suspension
   [ ] Employee Grievance Decision
   [ ] Employment Commission
   [ ] Local Government
   [ ] Marine Resources Commission
   [ ] School Board
   [ ] Voter Registration
   [ ] Other Administrative Appeal

## DOMESTIC/FAMILY
[ ] Adoption
   [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
   [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
   [ ] Complaint – Contested*
   [ ] Complaint – Uncontested*
   [ ] Counterclaim/Responsive Pleading
   [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
   [ ] Separate Maintenance Counterclaim

## WRITS
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
   [ ] Guardian/Conservator
   [ ] Standby Guardian/Conservator
   [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
   [ ] Impress/Declare/Create
   [ ] Reformation
[ ] Will (select one)
   [ ] Construe
   [ ] Contested

## MISCELLANEOUS
[ ] Amend Death Certificate
[ ] Appointment (select one)
   [ ] Church Trustee
   [ ] Conservator of Peace
   [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
   [ ] Reinstatement pursuant to § 46.2-427
   [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[X] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
   [ ] Correct Erroneous State/Local
   [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[ ] Damages in the amount of $ ........................................ are claimed.

12/03/2020
DATE

[ ] PLAINTIFF  [ ] DEFENDANT  [X] ATTORNEY FOR  [X] PLAINTIFF [ ] DEFENDANT

Timothy Anderson
PRINT NAME

2492 N. Landing Rd 104
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

Virginia Beach VA 23456

timanderson@virginialawoffice.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 07/16

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

**Bill DeSteph**

>Individually and in Official Capacity as Senator  Of 8th Senatorial District

>**Plaintiff**

>>>>>>Case No:_____

v.

**Mamie Locke**

>Senator and Chairperson of Senate Rules

-and-

**Eileen Filler-Corn**

>Delegate and Speaker of the House of Delegates

-and-

**Susan Clarke Schaar**

>Clerk of the Senate

-and-

**Suzette Denslow**

>Clerk of the House of Delegates

-and-

**Virginia Division of Capitol Police**

>Defendants

## PETITION

### FOR TEMPORARY AND PERMANENT INJUNCTION

>*"It is time—past time—to make plain that, while the pandemic poses many grave challenges, there is no world in which the Constitution tolerates color-coded executive edicts that reopen liquor stores and bike shops but shutter churches, synagogues and mosques,"* …*"Who knew public health would so perfectly align with secular convenience?"*

>**Justice Neil M. Gorsuch –** *Roman Catholic Diocese of Brooklyn, New York v. Andrew M. Cuomo, Governor of New York, 592 U.S. _____ (2020)*

Comes now, the Plaintiff Bill DeSteph, in his individual and official capacity as a
Virginia State Senator, by counsel and moves this Court for an injunction to be entered against
Senator Mamie Locke, Speaker Eileen Filler-Corn, Clerk Schaar, Clerk Denslow and the
Virginia Division of Capital Police in their official capacities for the reasons set forth herein:

## PARTIES

1. Plaintiff is a resident of the Commonwealth of Virginia residing in Virginia Beach,
   Virginia and is the duly elected Senator of the 8th Senatorial District in Virginia. The
   Plaintiff is moving for relief in his individual and official elected capacity.

2. Senator Mamie Locke is a duly elected Virginia State Senator and Chairperson of the
   Virginia Senate Rules Committee.

3. Eileen Filler-Corn is a duly elected Virginia Delegate and is currently the Speaker of the
   House of Delegates.

4. Susan Clarke Schaar is the Clerk of the Virginia Senate.

5. Suzette Denslow is the Clerk of the House of Delegates

6. Virginia Division of Capitol Police is a law enforcement agency, with primary
   responsibilities to enforce laws in and around the State Capitol grounds.

## CONTROVERSY / STATEMENT OF FACTS

7. The plaintiff restates all previous paragraphs.

8. On December 2, 2020, the Plaintiff in his official capacity was advised by Defendant
   Locke and Defendant Filler-Corn that "due to the rise in Covid-19 numbers" the
   Pocahontas Building—the structure that contains the offices of both House and Senate
   members—will only be open for credentialed legislative employees and current

2

legislators during the upcoming Regular Session of the General Assembly. See attached email "Exhibit A"

## **COUNT 1 – INJUNCTION**

9.  Plaintiff restates all previous paragraphs.

10. The Pocahontas Building is a traditional forum office building open to members of the public with a primary purpose of providing office appointments for the members of the General Assembly with the general public.

11. Throughout the Commonwealth, every Juvenile & Domestic Relations Court, General District Court and Circuit Court are open and handling business in person pursuant to the Fourteenth Order Extending Declaration of Judicial Emergency of the Virginia Supreme Court.[1]

12. City council and board of supervisor meetings are occurring in person throughout the Commonwealth and every government agency is open for in person business and the Governor of Virginia is allowing most businesses to operate in person pursuant to Executive Order 67, Sixth Amended. [2]

13. While the Governor holds press conferences surrounded by visitors and dignitaries from outside the state, the Courts try cases daily, the DMV processes licenses and City Halls collect taxes throughout the Commonwealth, the Defendant's Filler-Corn and Locke

---

[1]http://www.vacourts.gov/news/items/covid/2020_1203_scv_order_fourteenth_extending_declaration_of_judici al_emergency.pdf

[2] https://www.governor.virginia.gov/media/governorvirginiagov/executive-actions/EO-67-SIXTH-AMENDED-and-Order-of-Public-Health-Emergency-Seven---Phase-Three-Further-Adjusting-of-Certain-Temporary-Restrictions-Due-to-Novel-Coronavirus-(COVID-19).pdf

opine that the only major government building that is too dangerous to be open to the

public due to the pandemic, is the general office building of the General Assembly.

14. The closure of the legislative office building to the public is contrary to the explicit

historical purpose of the building to allow the public access to its elected legislative

members, especially during the General Assembly Session. [3]

15. To exclude the public from in-person participation to 2021 General Assembly session is

inconsistent with open access to government and is inconsistent with every COVID-19

policy operating in every other branch of government at the state and local level.

16. The Plaintiff, as a State Senator, will be deprived of his ability to conduct vital

constituent service by meeting with members of the public to discuss proposed laws

during the 2021 General Assembly Session.

17. Most importantly, the right to assemble and address lawmakers at the state and federal

levels is fundamentally protected by the 1st Amendment of the United States Constitution:

    a.  "Congress shall make no law respecting an establishment of religion, or
prohibiting the free exercise thereof; or abridging the freedom of speech, or of the
press; or the right of the people peaceably to assemble, and to petition the
Government for a redress of grievances."

18. Further, Article 1 Section 12 further prohibits the General Assembly from abridging the

freedom of the people to peaceably assemble.

    a.  "That the freedoms of speech and of the press are among the great bulwarks of
liberty, and can never be restrained except by despotic governments; that any
citizen may freely speak, write, and publish his sentiments on all subjects, being
responsible for the abuse of that right; that the General Assembly shall not pass
any law abridging the freedom of speech or of the press, nor the right of the
people peaceably to assemble, and to petition the government for the redress of
grievances."

---

[3] Cornelius v. NAACP, 473 U.S. 788 (1985), reu'g and remanding NAACP v. Devine, 727 F.2d 1247 (1984), aff'g 567 F.
Supp. 401 (D.D.C. 1983). – Citing "history" and "intent" elements of the Cornelius standard for determining a
traditional forum.

19. Less restrictive options exist such as requiring appointments and capacity restrictions to the building.

20. Meetings with members of the General Assembly can occur in a manner similar to how any court proceeding is conducted in the Commonwealth during COVID-19 protocols or how a transaction at a grocery store occurs pursuant to the Governors Executive orders. The members of the General Assembly nor the public are no more at risk of becoming infected or transmitting COVID-19 meeting in person at the office building of elected officials then they are in every other public setting occurring every day in the Commonwealth.

21. The Plaintiff acknowledges the COVID-19 pandemic and its implications, however, there is no heightened medical basis to deprive the Plaintiff or his constituents open access to government and the right to peacefully assemble in person, at the public building where the legislative body has official offices and where the legislative body regularly meets the public during the General Assembly session.

22. Allowing public access to the office building during the General Assembly session would be consistent with how the other branches of state and local governments are handling in-person meetings with the public on a daily basis in the normal course of governmental business.

23. If a constituent can contest a speeding ticket in the Commonwealth in person, then that same constituent should be able to exercise their right to freedom of speech protected by the 1st Amendment and Article 1 Section 12 of the Virginia Constitution, and therefore should be allowed to meet with their state representative regarding policy and decision making of the elected body during the General Assembly session.

5

24. Furthermore the *ex parte* decision to close the public office public to the general public during the 2021 Session by Senator Locke and Speaker Filler-Corn have not been voted on by either chamber.

25. The Virginia Supreme Court issued an unpublished opinion[4] in *Commonwealth of Virginia ex rel. Bowyer v. Sweet Briar Institute*, Record No. 150619 (June 9, 2015) regarding the issuance of a temporary injunction:

   a. That the primary purpose of a temporary injunction is to preserve the status quo *pendente lite*;

   b. That "a temporary injunction requires consideration of the requesting party's allegations and the veracity and magnitude of the asserted harm"; and

   c. That decisions on requests for temporary injunctions must be based on "the totality of the circumstances"; "no single factor can be considered alone as dispositive."

26. Plaintiff, as an elected state Senator will suffer irreparable harm if an injunction is not granted, in that he will be denied vital in-person contact with constituents during the 2021 General Assembly Session.  Further the constituents of the Plaintiff will suffer irreparable harm in denial of access to their state senator and denial of in-person access to the General Assembly session.  The purpose of the injunction is to preserve the status quo, in so much as the office building of the General Assembly members should remain open to the public.

27. The General Assembly session starts in just over 30 days. Denial of the public to in-person access to its members or access to in person floor sessions is a violation of the

---

[4] As an unpublished disposition, the Court's *Bowyer* Order is not a binding precedent. Rule 5:1(f)

freedoms protected under the 1st Amendment and Article 1 Section 12 would cause

irreparable as constituents cannot participate as historically allowed with their elected

representatives. Further the Plaintiff's same 1st Amendment and Article 1 Section 12

rights are impaired by denying him the ability to meet with constituents and having

feedback during the session.

28. The likelihood the Plaintiff will prevail is high as the *ex parte* unilateral actions taken by

Defendant's Locke and Filler-Corn are in plain violation of the United States Constitution

and the Virginia Constitution and lack any consistency to how other state government

agencies are running during the pandemic.

29. The public interest weighs in favor of the General Assembly office building being fully

open during session as historically has occurred in every session in the history of the

Commonwealth and is as mandated by law. The balancing approach test of *Blackwelder*

*Furniture Co. v. Seilig Manufacturing Co., Inc.*, 550 F.2d 189 (4th Cir. 1977)

overwhelming favor the Plaintiff and his requests to treat the General Assembly office

building and the members identical to any other governmental building or any employee

in the public or private sector who is safely operating during the COVID-19 pandemic.

30. The Defendant's Scharr, Denslow and Division of Capitol Police are named solely as

additional parties that are lawfully required in carrying out any order of Speaker Filler-

Corn or Senator Locke to restrict access to the public as indicated in the attached email

and injunction against them is requested for that purpose only.

Wherefore, the Plaintiff moves for an injunction against all Defendant's listed herein and moves

for any further relief as may be appropriate.

7

Respectfully Submitted,

Bill DeSteph

By: _____ VSB #90917 for:

Counsel

Timothy Anderson
Anderson & Associates
2492 N. Landing Rd 104
Virginia Beach VA 23456
757-301-3636 Tel
757-301-3640 Fax
VSB 43803
Counsel for Plaintiff

## CERIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of this complaint was served via email to the Virginia
Attorney General at service@oag.state.va.us pursuant to the COVID-19 protocols of service. Each
Defendant is a state agency or employee, and the single email to the Attorney General should be
accepted as service on each named Defendant this ___8th___ day of December 2020.

_____ VSB #90917 for:

Timothy Anderson

8

EXHIBIT A

THE BELOW EMAIL IS AN EXACT REPLICA OF THE EMAIL OMITTING ONLY THE
EMAIL ADDRESSES.

From: **Susan Schaar**
Date: Wed, Dec 2, 2020 at 3:58 PM
Subject: 2021 Session
To: Senator Private  Legislative Assistants Pri Senate Benefited Staff Senate Finance Staff Amigo Wade
David W. Burhop Amy Atkinson Hal Greer Kristen Howard


Senator Locke, Chair of Senate Rules, and Speaker Filler-Corn have determined that due to the
rise in Covid numbers the Pocahontas Building will ONLY be open for credentialed legislative
employees and current legislators.


The Main Street entrance will not be available for access.  Bank Street will be the only
entrance.  IDs must be visible as you enter the building.  An additional screening station has
been installed to help expedite the process.


The Virginia Department of Health has advised that Legislative Assistant offices should only be
used by ONE staff member. This is due to social distancing. Therefore only one LA to an office
will be permitted.


We are setting up a constituent hotline number to take and transmit messages.  We will NOT
have all the administrative assistants working.. A limited number will be working the hotline
service.


Due to the limited number of people we can have on the mini buses with social distancing, and
the cleaning required between runs, we will not be providing transportation from Lot 22.


We are still working on many challenging details.  We will keep everyone apprised of any
changes and additions as we move forward.  Please know that we are doing everything possible
to keep everyone safe and are working with the House Clerk's Office on procedures for the
building.

9

If you have any questions please call me.

Susan

--

Susan Clarke Schaar

Clerk of the Senate

P. O. Box 396

Richmond, VA 23218

sschaar@senate.virginia.gov